UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Aaron Rubenstein,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>HC2 Holdings, Inc.,<br>　　　　　　Defendant,<br><br>　　　　　and<br><br>Novatel Wireless Inc.,<br><br>　　　　　　Nominal Defendant. | No. 1:15-cv-06939<br><br>**COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)**<br><br>**JURY TRIAL DEMANDED** |

　　　　Plaintiff Aaron Rubenstein ("Plaintiff"), by his attorneys, as and for his complaint herein, respectfully alleges as follows on knowledge as to himself and his own acts and on information and belief as to all other matters:

## NATURE OF ACTION

　　　　1.　　This is an action to recover "short-swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

　　　　2.　　Section 16(b) is a strict liability statute. A plaintiff must prove only that the defendant was an insider of a public company who profited from the purchase and sale of the company's stock or derivative securities within a period of less than six months. Evidence of the defendant's intent, misuse of information, or bad faith is irrelevant and not required. Section 16(b) is not punitive and insiders are simply required to disgorge profits realized in violation of the Act.

　　　　3.　　Defendant HC2 Holdings, Inc. ("HC2") is an insider of Nominal Defendant Novatel Wireless Inc. ("Novatel," or the "Company") that profited from purchases and sales of

Novatel stock that occurred within a period of less than six months. As a result, HC2 must return the profits he realized from these transactions to Novatel.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to Section 27 of the Act, 15 U.S.C. § 78aa.

5. Venue is proper in this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa. At all relevant times, the common stock of Nominal Defendant Novatel was traded over-the-counter on the NASDAQ through market makers located within the District. One or more of the transactions alleged herein took place on that exchange.

## THE PARTIES

6. Plaintiff Aaron Rubenstein is a Rhode Island resident and a shareholder of Novatel.

7. Nominal Defendant Novatel is a Delaware corporation with principal offices at 9645 Scranton Road, Suite 205, San Diego, CA 92121. This action is brought in the right and for the benefit of Novatel, which is named as a nominal defendant solely in order to have all necessary parties before the Court.

8. At all relevant times, Defendant HC2 was an 10% shareholder of Novatel, and was subject to Section 16 of the Act. Upon information and belief, HC2 is a Delaware corporation with principal offices at 505 Huntmar Park Drive #325, Herndon, VA 20170.

## FACTUAL BACKGROUND

9. At all relevant times, the common stock of Novatel was registered pursuant to Section 12(g) of the Act, 15 U.S.C. § 78l(g).

10. On February 24, 2015, HC2 sold 586,095 shares of Novatel stock and warrants to purchase 293,045 shares of Novatel stock for a total price of $1,025,666.17.

11. On March 26, 2015, HC2 acquired warrants to purchase 1,593,583 shares of Novatel stock. HC2 paid no consideration (a purchase price of $0) for these warrants.

12. The acquisition of warrants described in Paragraph 11 constitutes a "purchase" under Section 16(b), and may be matched with the sale of stock and warrants described in Paragraph 10. Pursuant to the "lowest in, highest out" method and SEC rules and regulations for computing profits under Section 16(b), HC2 realized short swing profits in such amount as may be proved, currently estimated at up to $500,000.

13. Demand for prosecution was made on Novatel on May 22, 2015. On August 4, 2015, Plaintiff was informed by counsel for Novatel that Novatel does not intend to pursue this claim for recovery of short swing profits under Section 16(b).

14. This action is brought within two years of the occurrence of the violations described herein.

## COUNT I

**(Profits Recoverable Under Section 16(b) of the Securities Exchange Act)**

15. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 14, above.

16. Defendant HC2 had a direct or indirect pecuniary interest in all of the shares of common stock purchased or sold in the transactions described in Paragraphs 10 and 11, above.

17. The transactions described in Paragraphs 10 and 11, above resulted in short swing profits realized by HC2, as described in Paragraph 12, which must be disgorged to the Company under Section 16(b).

## DEMAND FOR JURY TRIAL

18. Plaintiff hereby demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

19. **WHEREFORE**, Plaintiff demands judgment:

(a) requiring HC2 to account for and pay to the Company the short swing profits recoverable from him under the Act, together with appropriate pre- and post-judgment interest and costs of this suit;

(b) awarding to Plaintiff his costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 2, 2015            */s/ Miriam Tauber*

_____
By: Miriam Tauber
885 Park Avenue No. 2A
New York, NY 10075
Telephone: (323) 790-4881
Email: MiriamTauberLaw@gmail.com

David Lopez, Esq.
171 Edge of Woods Road
 P.O. Box 323
Southampton, New York 11968
Tel: (631) 287-5520
Fax: (631) 283-4735
E-mail: DavidLopezEsq@aol.com

*Attorneys for Plaintiff Aaron Rubenstein*