# EXHIBIT A

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AARON RUBENSTEIN, | |
| Plaintiff, | 15 Civil 6939 (SAS) |
| -against- | |
| | ECF CASE |
| HC2 HOLDINGS, INC., | |
| Defendant, | **[PROPOSED] ORDER** |
| | **AND FINAL JUDGMENT** |
| NOVATEL WIRELESS, INC. | |
| Nominal Defendant. | |

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Court has jurisdiction over the subject matter of this action, over the Plaintiff, over Novatel Technologies, Inc. ("Novatel") and over HC2 Holdings, Inc. ("HC2").

2.      The Court finds that Plaintiff, through his counsel, has vigorously prosecuted the claims set forth in the Complaint on behalf of Novatel.

3.      The Stipulation (a copy of which is annexed hereto as Exhibit 1) is hereby approved as fair, reasonable and adequate and in the best interests of Novatel and its shareholders. The parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

4.      This Order and Final Judgment shall not constitute evidence or an admission by HC2 or any other person that any transaction giving rise to liability or damages under Section 16(b) occurred, or that any violations of law or acts of other wrongdoing have been committed, and shall not be deemed to create any inference (either expressly or implicitly) that there is or was liability of any person therefor. HC2 does not admit, either expressly or implicitly, any

liability whatsoever by reason of any of the matters alleged in the Complaint or referenced in the Stipulation.

5.       The Complaint, each claim for relief therein against HC2 and all claims for violations of Section 16(b) that were asserted in this Action or could have been asserted in any amended complaint against HC2 and Related Parties as defined in paragraph 4 of the Stipulation, are hereby dismissed on the merits, with prejudice and without costs, except as otherwise provided for herein.

6.       HC2 and Related Parties are hereby discharged and released from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions, circumstances and issues, known or unknown, absolute or contingent, accrued or not accrued, liquidated or unliquidated, or otherwise, arising out of or relating to the subject matter of the Complaint, assertions contained in the Complaint in this Action or that could have been asserted in this Action: (i) by Plaintiff on behalf of himself or any other person or entity; (ii) by Novatel; and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of Novatel or of any other security or instrument, the value of which is derived from or related to the value of any Novatel security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity, including for all claims arising out of or relating to any claim under Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to Novatel securities, options to acquire Novatel securities and/or other securities or instruments the value of which is derived from or related to the value of any Novatel equity security, by or before the end of the 16(b) Trading Period, as defined in the Stipulation.

7.     Plaintiff, counsel for Plaintiff, Novatel, counsel for Novatel and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of Novatel or of any other security or instrument, the value of which is derived from or related to the value of any Novatel equity security, or any of them, either individually, directly, derivatively, representatively or in any other capacity, are permanently barred and enjoined from instituting or prosecuting this Action or any other action, in this or any other court or tribunal of this or any other jurisdiction, any and all claims, rights, causes of action, suits, matters, demands, transactions, circumstances and issues, known or unknown, absolute or contingent, accrued or not accrued, liquidated or unliquidated, or otherwise, arising under Section 16(b) of the Exchange Act; relating to the subject matter of the Complaint or assertions contained in the Complaint in this Action; or that could have been asserted in this Action: (i) by Plaintiff on behalf of himself or any other person or entity; (ii) by Novatel; and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of Novatel or of any other security or instrument, the value of which is derived from or related to the value of any Novatel equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity, including for all claims arising out of or relating to any violation of Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to Novatel securities, options to acquire Novatel securities and/or other securities or instruments the value of which is derived from or related to the value of any Novatel equity security, by or before the end of the 16(b) Trading Period, as defined in the Stipulation, regardless of the theory of liability.

8.     Plaintiff's counsel are hereby awarded an attorney's fee (inclusive of reimbursement of costs and disbursements) in the sum of $37,500.00, which sum the Court finds

to be fair and reasonable and which shall be paid to Plaintiff's counsel by Novatel after this Order has become final as set forth in paragraphs 3(a) and 6 of the Stipulation.

9.     Jurisdiction is hereby reserved over all matters relating to the Stipulation and its enforcement.

10.    The Clerk of the Court is directed to enter and docket this Order and Final Judgment in this Action.

Dated:        New York, New York
              November ___, 2015


SO ORDERED:


_____
Hon. Shira A. Scheindlin, U.S.D.J.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AARON RUBENSTEIN,<br><br>Plaintiff,<br><br>-against-<br><br>HC2 HOLDINGS, INC.,<br><br>Defendant,<br><br>NOVATEL WIRELESS, INC.<br><br>Nominal Defendant. | 15 Civil 6939 (SAS)<br><br>ECF CASE<br><br>**STIPULATION OF SETTLEMENT** |

WHEREAS, Plaintiff, Aaron Rubenstein, a shareholder of nominal defendant Novatel Wireless, Inc. ("Novatel"), brought this action (the "Action") pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), to recover so-called "short-swing" profits alleged to have been realized by Defendant HC2 Holdings, Inc. ("HC2") in connection with its purchases and sales of Novatel securities;

WHEREAS HC2 denies any liability whatsoever and this Stipulation of Settlement ("Stipulation") shall in no event be construed or deemed (either expressly or implicitly) to be evidence of or an admission or concession on the part of HC2 with respect to any portion of any claim, or any fault or liability or wrongdoing or damages of any nature whatsoever, or any deficiency of any kind in any of the defenses that HC2 has or may assert.  Plaintiff, Novatel, and HC2 (collectively, the "Parties") wish voluntarily to settle the matter after advice of counsel and negotiation between counsel for the Parties;

WHEREAS, Plaintiff's theory of liability in this Action is based on HC2's transactions in Novatel securities occurring between February 24, 2015, and March 26, 2015, inclusive (the "16(b) Trading Period");

WHEREAS, Plaintiff asserts that at all times during the 16(b) Trading Period, HC2 was a beneficial owner of more than 10% of the common stock of Novatel;

WHEREAS, given the risks and uncertainties of the outcome of this Action and any subsequent appeal, the Parties have concluded that it is in the best interests of Novatel and Novatel's shareholders for the Parties to settle this Action on the terms set forth herein (the "Settlement");

WHEREAS, Plaintiff, through his counsel, has conducted an investigation relating to the claims and the underlying events alleged in the Complaint and has concluded that they have obtained sufficient information to enter into the Settlement contemplated by this Stipulation on a fully informed basis;

WHEREAS, Plaintiff asserts that the potential "profit realized" under Section 16(b) arising from HC2 transactions in Novatel securities may be as much as $500,000;

WHEREAS, HC2 believes it has meritorious defenses to Plaintiff's Section 16(b) claims, and has shared its analysis regarding liability and damages with counsel for the Plaintiff;

WHEREAS, the Parties have engaged in arm's length settlement negotiations among themselves which have culminated in an agreement whereby HC2 will pay Novatel $150,000 to settle this Action;

WHEREAS, the Parties' counsel each agree that a settlement of this Action on the terms described herein is fair, reasonable, adequate and in the best interests of Novatel and its shareholders;

WHEREAS, in evaluating the proposed Settlement provided for herein, Plaintiff and his counsel have considered the substantial benefit being provided to Novatel and its shareholders by the proposed Settlement; the uncertainties of the outcome of this Action, which Plaintiff recognizes turns on the viability of HC2's defenses to Section 16(b) liability in this Action, and that because resolution of the claims in this Action, wherever and however determined, likely would be submitted for appellate review, there would be yet additional time until there would be a final adjudication of the claims and defenses asserted, and additional legal fees, which could reduce the amount of any ultimate recovery (whether on a litigated judgment, if Plaintiff were to prevail, or by settlement) for Novatel and its shareholders; and

WHEREAS, HC2, without conceding liability with respect to the claims set out in this case, has agreed to this Stipulation and the Settlement provided herein in order to fully and finally settle with prejudice and dispose of all claims that have been or could have been raised in this Action and to avoid the continuing burden, expense, uncertainty, inconvenience and distraction of protracted litigation.

IT IS HEREBY STIPULATED AND AGREED, for good and valuable consideration, the sufficiency of which is hereby acknowledged, as follows:

1.      Within fourteen days after this Stipulation has been executed, Plaintiff shall move the Court for approval of the Settlement as fair, reasonable, adequate and in the best interests of Novatel and its shareholders, and for entry of an Order and Final Judgment, substantially in the form annexed hereto as Exhibit A, which will:

(a)      Dismiss the Action with prejudice;

(b)      Find that Plaintiff vigorously prosecuted the claims set forth in the Complaint on behalf of Novatel;

3

(c)     Find that the terms of the Settlement are fair, reasonable, adequate and in the best interests of Novatel and its shareholders;

(d)     Fully and finally release, with prejudice, HC2 and all Released Parties (as defined below) from all claims that were or could have been asserted in the Action and bar Plaintiff, Plaintiff's counsel, Novatel, and any holder of Novatel securities from asserting against HC2 or any Released Parties any Released Claim (as defined below).

2.     The Order and Final Judgment shall become final either by expiration of the time for appeal or review of such Order or, if any appeal is filed and not dismissed, after the Order is affirmed on appeal and is no longer subject to review upon appeal or by writ of certiorari or motion for reconsideration.

3.     (a)     On or before the tenth (10th) business day after the Order and Final Judgment approving the Settlement becomes final, HC2 shall pay to Novatel the amount of one hundred and fifty thousand dollars ($150,000.00).  Within ten (10) days of such payment Novatel shall pay to Plaintiff's counsel all attorney fees and expenses, if any, awarded by the Court.  The total amount to be paid to such counsel shall not exceed $37,500, an award in which amount Novatel shall support.

(b)     Entry and finality of the Order and Final Judgment is a condition precedent to HC2's obligation to provide the settlement amount to Novatel.

(c)     In the event the Court does not enter an Order and Final Judgment approving the Settlement by March 31, 2016, this Stipulation shall be null and void except as to paragraphs 3(c), 6 and 15, and the Parties shall be returned to their positions *nunc pro tunc* as they existed on the date before the Settlement and without prejudice in any way.

4.      In consideration of the settlement amount, Novatel and Plaintiff, on behalf of themselves, their affiliates, and any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of Novatel or any other security or instrument, the value of which is derived from or related to the value of any Novatel equity security, each release and discharge HC2, its present and future employees, agents, attorneys, representatives, advisors, affiliates and associates (as the latter two terms are defined in Rule 12b-2 of the Exchange Act), trustees, principals, heirs, executors, administrators, successors and assigns, any person seeking to claim by, through or on behalf of Novatel or Plaintiff, and any purported member of a group within the meaning of Section 16(d)(3) of the Exchange Act (the "Related Parties") (the foregoing, collectively, the "Released Parties") from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions, circumstances and issues, known or unknown (as defined in subsection 4(a), below), absolute or contingent, accrued or not accrued, liquidated or unliquidated, or otherwise, arising out of or relating to the subject matter of the Complaint, or assertions contained in the Complaint in this Action or that could have been asserted in this Action under Section 16(b) of the Exchange Act: (i) by Plaintiff on behalf of himself or any other person or entity, (ii) by Novatel and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of Novatel or any other security or instrument the value of which is derived from or related to the value of any Novatel equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity, limited to all claims arising out of or relating to any violation of Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to Novatel securities, options to acquire Novatel securities and/or other securities or instruments the value of which is derived from or related to the value of any Novatel

equity security, by or before the end of the 16(b) Trading Period, regardless of the theory or basis of liability (the foregoing, collectively, the "Released Claims").  Plaintiff, Novatel, Plaintiff's counsel and counsel for Novatel covenant not to bring any additional claims arising out of or relating to any of the foregoing subject matter, any Released Claims, or claims that could have been asserted in this Action against HC2 and/or its Related Parties in connection with or relating to short-swing trading in Novatel securities, including, without limitation options to acquire Novatel securities or any other derivative security or instrument tied to or related to the value of any Novatel equity security, by or before the end of the 16(b) Trading Period, regardless of the theory or basis of liability.

5.      The release contemplated by the Settlement shall extend to "Unknown Claims," which means: (i) any claims arising under Section 16(b) of the Exchange Act or  relating to any of the foregoing subject matter that the parties granting the release (the "Releasing Parties") do not know or suspect to exist at the time of the release, which if known, might have affected the Releasing Parties' decision to enter into the release; (ii) the Releasing Parties shall be deemed to relinquish, to the extent applicable, and to the full extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code; and (iii) the Releasing Parties shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiff acknowledges that the foregoing waiver was separately bargained for, is an integral element of the Settlement, and was relied upon by HC2 in entering into the Settlement.

6.      This Stipulation and all negotiations and papers related to it, and any proceedings in connection with the Settlement, whether or not the Settlement becomes final or is consummated, are not and shall not be construed to be evidence of, or an admission by, any of the Parties respecting the validity or invalidity of any of the claims or defenses asserted by the Parties or of HC2's or any Released Party's liability or lack thereof with respect to any such claim or defense or for any damages sought in the Action, or of any wrongdoing or lack of wrongdoing by any or all of them whatsoever, and shall not be offered for admission or received as evidence of any such liability or wrongdoing or damages, or lack thereof.

7.      Plaintiff's counsel will apply to the Court for attorney's fees and expenses in the total amount of thirty thousand dollars ($37,500.00), which application HC2 and Novatel have agreed not to oppose. The attorney's fee and expense award was negotiated among counsel for the Parties after the Parties had negotiated the provisions of the Settlement set forth above. The Settlement is in no way contingent upon any attorney's fees or expenses being awarded in any amount.

8.      Plaintiff's counsel and Plaintiff agree and acknowledge that the award of attorney's fees and expenses as described in paragraph 7 is the sole amount to which Plaintiff's counsel is due in connection with the Action or this Stipulation and expressly release and disclaim any right to any additional amount.

9.      The Parties acknowledge and agree that Plaintiff has diligently prosecuted this Action against HC2 within the meaning of Section 16(b) of the Exchange Act.

contained herein.   Any plural references in this Agreement shall be deemed to include the singular and any reference to "including" shall be deemed to mean including without limitation.

11.    This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original of this Stipulation, and all of which, when taken together, shall be deemed to constitute one and the same agreement, *provided* that no Party shall be bound hereby unless and until all Parties shall have executed and delivered this Stipulation, all subject to court approval.

12.    The individuals signing this Stipulation represent that they have the authority to execute this Stipulation, to grant the releases in this Stipulation, and to compromise and settle all their claims and their defenses relating to the Action.

13.    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto.

14.    The Parties shall use their best efforts to execute such documents and shall take such other reasonable action as is necessary to effectuate this Stipulation as provided for herein.

15.    The Parties submit to the continuing jurisdiction of this Court for purposes relating to this Stipulation and its enforcement.

Dated: Palo Alto, California
      November 11, 2015

PAUL HASTINGS LLP
Peter M. Stone, Esq. (*pro hac vice*)
1117 South California Avenue
Palo Alto, California 94304
Tel: 650.320.1853

James B. Worthington, Esq.
75 East 55th Street
New York, New York 10022
Tel: 212.318.6000
*Attorneys for Nominal Defendant Novatel Wireless*

8

Dated: New York, New York
      November 11, 2015

LATHAM & WATKINS LLP
Jeff G. Hammel, Esq.
Paul Serritella, Esq.
885 Third Avenue
New York, NY 10022
Tel: 212.906.1260
*Attorneys for Defendant HC2 Holdings, Inc.*

Dated: New York, New York
      November 14, 2015

David Lopez, Esq.
171 Edge of Woods Road
PO Box 323
Southampton, New York 11968
Tel: 631.287.5520

Miriam Tauber, Esq.
885 Park Avenue, No. 2A
New York, New York 10075
Tel:  323.790.4881
*Attorneys for Plaintiff Aaron Rubenstein*

9