**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AARON RUBENSTEIN,

Plaintiff,

-against-

HC2 HOLDINGS, INC.,

Defendant,

NOVATEL WIRELESS, INC.

Nominal Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/5/15

15 Civil 6939 (SAS)

ECF CASE

**[PROPOSED] ORDER**
**AND FINAL JUDGMENT**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of this action, over the Plaintiff, over Novatel Technologies, Inc. ("Novatel") and over HC2 Holdings, Inc. ("HC2").

2. The Court finds that Plaintiff, through his counsel, has vigorously prosecuted the claims set forth in the Complaint on behalf of Novatel.

3. The Stipulation (a copy of which is annexed hereto as Exhibit 1) is hereby approved as fair, reasonable and adequate and in the best interests of Novatel and its shareholders. The parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

4. This Order and Final Judgment shall not constitute evidence or an admission by HC2 or any other person that any transaction giving rise to liability or damages under Section 16(b) occurred, or that any violations of law or acts of other wrongdoing have been committed, and shall not be deemed to create any inference (either expressly or implicitly) that there is or was liability of any person therefor. HC2 does not admit, either expressly or implicitly, any

liability whatsoever by reason of any of the matters alleged in the Complaint or referenced in the Stipulation.

5.     The Complaint, each claim for relief therein against HC2 and all claims for violations of Section 16(b) that were asserted in this Action or could have been asserted in any amended complaint against HC2 and Related Parties as defined in paragraph 4 of the Stipulation, are hereby dismissed on the merits, with prejudice and without costs, except as otherwise provided for herein.

6.     HC2 and Related Parties are hereby discharged and released from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions, circumstances and issues, known or unknown, absolute or contingent, accrued or not accrued, liquidated or unliquidated, or otherwise, arising out of or relating to the subject matter of the Complaint, assertions contained in the Complaint in this Action or that could have been asserted in this Action: (i) by Plaintiff on behalf of himself or any other person or entity; (ii) by Novatel; and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of Novatel or of any other security or instrument, the value of which is derived from or related to the value of any Novatel security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity, including for all claims arising out of or relating to any claim under Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to Novatel securities, options to acquire Novatel securities and/or other securities or instruments the value of which is derived from or related to the value of any Novatel equity security, by or before the end of the 16(b) Trading Period, as defined in the Stipulation.

Case 1:15-cv-06939-SAS Document 26-1 Filed 11/30/15 Page 4 of 14

7. Plaintiff, counsel for Plaintiff, Novatel, counsel for Novatel and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of Novatel or of any other security or instrument, the value of which is derived from or related to the value of any Novatel equity security, or any of them, either individually, directly, derivatively, representatively or in any other capacity, are permanently barred and enjoined from instituting or prosecuting this Action or any other action, in this or any other court or tribunal of this or any other jurisdiction, any and all claims, rights, causes of action, suits, matters, demands, transactions, circumstances and issues, known or unknown, absolute or contingent, accrued or not accrued, liquidated or unliquidated, or otherwise, arising under Section 16(b) of the Exchange Act; relating to the subject matter of the Complaint or assertions contained in the Complaint in this Action; or that could have been asserted in this Action: (i) by Plaintiff on behalf of himself or any other person or entity; (ii) by Novatel; and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of Novatel or of any other security or instrument, the value of which is derived from or related to the value of any Novatel equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity, including for all claims arising out of or relating to any violation of Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to Novatel securities, options to acquire Novatel securities and/or other securities or instruments the value of which is derived from or related to the value of any Novatel equity security, by or before the end of the 16(b) Trading Period, as defined in the Stipulation, regardless of the theory of liability.

8. Plaintiff's counsel are hereby awarded an attorney's fee (inclusive of reimbursement of costs and disbursements) in the sum of $37,500.00, which sum the Court finds

to be fair and reasonable and which shall be paid to Plaintiff's counsel by Novatel after this Order has become final as set forth in paragraphs 3(a) and 6 of the Stipulation.

9.     Jurisdiction is hereby reserved over all matters relating to the Stipulation and its enforcement.

10.     The Clerk of the Court is directed to enter and docket this Order and Final Judgment in this Action.

Dated:     New York, New York

November     , 2015
December 3

SO ORDERED:

_____
Hon. Shira A. Scheindlin, U.S.D.J.

4